## MARIA W. CROOME, Respondent, v. DANIEL H. CRAIG AND HELENA CRAIG, Appellants.

*Demurrer to a reply — when it will be overruled.*

In an action brought to obtain an accounting and the distribution of the proceeds of property sold, in pursuance of a contract executed by the defendants, the complaint stated that the contract was made upon the settlement of disputes concerning an account between the parties. The defendants, in their answer, alleged that errors intervened in the accounting, which they had discovered, at a date therein mentioned, diminishing their liability under the agreement, and demanded that they should be allowed to prove these errors and mistakes, and that certain amounts mentioned should be credited accordingly.

By way of reply to this part of the defendant's answer, it was alleged that the defendants had delayed so long before attempting to correct the alleged errors, mistakes and untrue charges, and had been guilty of such gross and culpable negligence, carelessness and laches, as not to be entitled to the consideration of a court of equity, or to the reformation of the contract as asked for in the answer.

Upon an appeal from an interlocutory judgment overruling a demurrer interposed to this reply:

*Held,* that, as no fact whatever was inserted in this part of the reply that did not already appear from the complaint and the answer, both of which related to an accounting under the same agreement, that the interlocutory judgment should be reversed.

That if the defendants had forfeited by delay their right to relief from the mistake that had occurred upon the accounting, that such delay would necessarily appear by the proof that could be given under their answer.

APPEAL by the defendants from an interlocutory judgment dismissing a counter-claim, with costs, and from an order made at a New York Special Term directing such judgment, which were both entered herein on the 11th day of April, 1889, in the office of the clerk of the city and county of New York, and from an order overruling a demurrer to plaintiff's reply, which was entered in the same office on the 20th day of March, 1889.

*E. Haines,* for the appellants.

*Alan D. Kenyon,* for the respondent.

DANIELS, J.:

The action was brought to obtain an accounting and the distribution of the proceeds of property sold under a contract executed by

the defendants. The complaint stated the contract to have been made upon the settlement of disputes concerning accounts between the parties. By their answer the defendants alleged that errors intervened in the accounts which they had discovered, diminishing their liability under the agreement. As a relief they demanded judgment that they should be allowed to prove these errors and mistakes, and that the amounts otherwise mentioned should accordingly be corrected. By way of reply to this part of defendant's answer, it is alleged that the defendants had delayed so long before attempting to correct the alleged errors, mistakes and untrue charges, that they had been guilty of such gross and culpable negligence, carelessness and laches, as not to be entitled to consideration in a court of equity, or to the reformation asked for in the answer. And it was to this part of the reply that the demurrer was interposed, upon the ground that it failed to state facts sufficient to constitute a reply, or for the avoidance of the counter-claim.

No fact whatever was inserted in this part of the reply that did not already appear from the complaint and the answer. It was alleged, as a fact, in this portion of the answer, that the errors and mistakes were discovered by defendants on or about the 1st of March, 1887, and that they then made them known to the plaintiff and required a correction of the same, but that the plaintiff refused to comply with that request.

The counter-claim relied on in the answer was for the correction of errors or mistakes alleged to have been included in the accounting mentioned in the agreement; and if such mistakes did, in fact, exist, their allowance would result in reducing the liability asserted by the plaintiff under the agreement. The counter-claim set forth was not so much for the correction of the agreement itself as it was for the correction of the accounting, and the defense, for that reason, is not strictly within the authorities referred to by the plaintiff. If the defendants have forfeited their right to relief, by delay or negligence, that fact will appear by the proof which must be given to support their answer. Whatever defect may in this respect exist in their case has in no way been extended or changed by the reply, for it has not alleged that any other delay has arisen than that appearing on the face of the answer itself; and an inference from those facts, which is all that this part of the reply includes, will

not form the subject-matter of a reply. If the reply had stated that the errors and mistakes mentioned in the answer had come to the knowledge of the defendants at some assignable period of time different from that mentioned in the answer, then it might be substantially capable of being supported, but it contains no such averment; but all that it has stated upon this subject is apparently by way of argument from the facts previously disclosed by the pleadings and a reply has not been rendered necessary for the presentation of that argument. As this division of the reply contained a statement of no fact by way of answer to the defendant's counterclaim, the demurrer taken to it by defendants should have been sustained. The interlocutory judgment, therefore, should be reversed and a judgment entered sustaining the demurrer. But, inasmuch as the defendant's pleading is not entirely free from defect, the costs of the appeal should be allowed to abide the event of the action.

VAN BRUNT, P. J. and BRADY, J., concurred.

Interlocutory judgment reversed and judgment entered sustaining demurrer, with costs of appeal to abide event of action.